(No. 68432.—

*In re* HARVEY HUNTLEY LIVINGSTON, Petitioner.

*Opinion filed December 7, 1989.—Rehearing*
*denied January 29, 1990.*

Disciplinary proceeding.

Mary K. Foster, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Harvey H. Livingston, *pro se*, and Ralph M. Schelly, of Chicago, for petitioner.

JUSTICE WARD delivered the opinion of the court:

The petitioner, Harvey Huntley Livingston, has filed a petition for reinstatement as a member of the bar, to which he was admitted in 1952. On May 10, 1978, this court entered an order suspending the petitioner from the practice of law for a period of one year and until further order of this court. The misconduct found was that he had comingled clients' funds in his personal bank account and had converted the funds to his own use. It was also found he had failed to refund a fee to a client when under an obligation to do so.

In a proceeding to reinstate, the burden of proof is upon the petitioner to show rehabilitation by clear and convincing evidence. (*In re Anglin* (1988), 122 Ill. 2d 531, 537; *In re Rothenberg* (1985), 108 Ill. 2d 313, 323; *In re Silvern* (1982), 92 Ill. 2d 188, 193.) The hearing panel to which a petition for reinstatement to the bar is referred must determine whether the petitioner is rehabilitated, whether he is presently of good character and whether he is currently knowledgeable about the law. Our Rule 767(f) (107 Ill. 2d R. 767(f)) sets out factors that the Hearing Board of the Attorney Registration and Disciplinary Commission shall consider in determining a petitioner's rehabilitation, present good character and current knowledge of the law. The factors, along with any other factors the panel deems appropriate, are:

(1) the nature of the misconduct for which the petitioner was disciplined;

(2) the maturity and experience of the petitioner at the time discipline was imposed;

(3) whether the petitioner recognizes the nature and the seriousness of the misconduct;

(4) when applicable, whether petitioner has made restitution;

(5) the petitioner's conduct since discipline was imposed; and

(6) the petitioner's candor and forthrightness in presenting evidence in support of the petition. 107 Ill. 2d R. 767(f).

Although the order of suspension for one year was entered in 1978, the petitioner did not petition for reinstatement until 1987. The panel of the Hearing Board was not favorably impressed by the evidence presented by the petitioner at the hearing for reinstatement and granted the Administrator's motion for a directed finding. Its recommendation to the Review Board was that the petition be denied, but the Review Board judged that the petitioner had made out a *prima facie* case for rein-

statement and stated that it was reversing the directed finding of the hearing panel and remanding the matter to the Hearing Board for such evidence as the Administrator wished to present. The same panel considered the petition a second time and recommended again that it be denied. Parenthetically, we would note that the panel questioned the authority of the Review Board to reverse the panel's directed finding, stating that the Board had authority only to concur or disagree with the recommendation of the hearing panel. The hearing panel, however, made no challenge beyond raising the question and proceeded to take the evidence offered by the Administrator.

The hearing panel found that the petitioner simply did not recognize the nature and gravity of the misconduct for which he was suspended. It noted that the Review Board at the time of his suspension clearly stated: "It is clear that respondent comingled his clients' funds with his own and exhausted and closed the bank account in which the funds had been deposited. By doing so the respondent converted the funds to his own use, a serious dereliction." The panel observed that petitioner, at the hearing on remand, in response to the Administrator's objections to his petition for reinstatement, stated that he did not convert the comingled funds and at the first reinstatement hearing testified that "I don't really believe that it was converted." The hearing panel at the first hearing found that the respondent's explanation that he did not convert the comingled funds because he had other assets demonstrated ignorance of the nature of comingling and conversion. The panel found that the respondent did not acknowledge the problems of a client in seeking to recover comingled funds if the attorney were to die or if the attorney's personal account was subjected to garnishment while the funds were comingled.

Among the panel's findings was that the petitioner had received a $5,000 inheritance in 1987 and was capable of making at least a token gesture of restitution to the former client whose fee had not been refunded. He did not, however, do so. The Administrator's brief states that a former client's judgment against petitioner, which was entered in 1977, had grown because of the accrual of interest to at least $13,000. The panel found that the petitioner's candor left something to be desired. This was founded on the petitioner's having listed in his petition for readmission his financial obligation to this client as having been satisfied. The panel noted that it was this unrefunded fee which, in part, had led to the attorney's suspension years before. The petitioner's counsel attributed the misstatement as a "typographical error," which the panel found "hard to accept." In its findings the panel noted the petitioner testified he was in debt in excess of $30,000 and that he reported an annual income of $6,000. The Administrator in his brief noted that the petitioner listed 18 civil actions which had been filed against him, of which eight were satisfied or settled.

At the time of the hearing on remand, the Administrator's brief stated that the petitioner had a tax liability to the Federal government of at least $12,000 and at least $1,200 in tax liability to the Illinois Department of Revenue. In connection with the sale of a house owned by his daughter-in-law, the petitioner, during his suspension, had at least three conversations with the buyers' attorney, who phoned the petitioner at the office of an attorney and spoke with the petitioner regarding the transaction. At that time the petitioner identified himself as "Mr. Green." It was found by the panel that the petitioner had falsely denied to an investigator for the Administrator that he had been at the real estate closing in question. After inquiring for Mr. Green, the investigator had reached the petitioner at the same law office, at

which he said he performed clerical and minor management duties for an attorney friend. It was found by the panel that the petitioner ordered and used checks bearing the legend "attorney at law" on a bank account he opened some time after his suspension. The petitioner noted that the appearance of the professional legend was through oversight on his part. The panel concluded from the above events that he had held himself out as an attorney, performed as an attorney and caused others to believe during the period of his suspension that he was an attorney.

The conclusions of fact and law of the hearing panel were:

> "We simply believe that he has not demonstrated the level of conduct which we and the public have a right to expect from one who wishes to be readmitted to the Bar. We reiterate that the factors which Rule 767(f) require that we take into account have as their purpose the protection of the public. We conclude that Petitioner did not prove by clear and convincing evidence that he is rehabilitated, and we again conclude that his reinstatement to the practice of law would not be in the public's interest."

The recommendation of the panel was that the petition for reinstatement be denied. In its report and recommendation to this court, the Review Board concurred in the findings of fact and conclusions of law of the Hearing Board and it has recommended that Harvey Huntley Livingston's petition for reinstatement be denied. This court adopts the recommendation of the Hearing and Review Boards that the petition be denied.

*Petition denied.*